Dear Alderman Wainwright:
You have requested the opinion of this office regarding whether the City of Pineville can use City funds to pay the employee's portion of contributions to a retirement plan for prior service.
I am enclosing herewith a copy of Attorney General's Opinion No. 92-485, which concluded that a School Board could not lawfully pay the employee's portion of retirement contributions for prior service. According to that opinion, such payments would be in violation of La. Const. (1974) Art. VII, Sec. 14(A). In accordance with the legal authority cited in Opinion No. 92-485, it is the opinion of this office that the City of Pineville cannot use City funds to pay an employee's portion of contributions to a retirement system for prior service.
You have also asked whether the City's contributions to the retirement plan can be made from the City's Capital Improvement Account. Although we have already determined that the City cannot pay the employee's portion of contributions, this issue must be addressed with regard to the City's employer portion of contributions.
You have advised the undersigned that the City of Pineville's Capital Improvement Account was established pursuant to a sales tax proposition put before the voters on September 16, 1978. A copy of that proposition, obtained from the Pineville City Clerk, provides in pertinent part:
 "Shall the City of Pineville . . . be authorized to levy and collect a [sales use] tax . . . with the avails of said tax . . . to be dedicated and pledged to the payment of principal and interest and other amounts on any bonds of the City which are payable from a legal pledge and dedication of such tax revenues; provided that after making all payments required each month for principal interest and other payments on such bonds, the remaining avails or proceeds of said tax shall be allocated monthly as follows: First, an amount equal to one-half (1/2) of the avails or proceeds of said tax for such month for paying salaries of municipal employees of said City and the remainder of the avails or proceeds for such month for constructing, acquiring, and improving capital improvements for said City including streets, sidewalks, bridges, waterworks, sewers, drains and recreation and fire protection facilities." (emphasis added).
It is the opinion of this office that Louisiana's statutory sales tax scheme requires sales tax revenues to be utilized strictly in accordance with the will of the electorate as set forth in the proposition approved by them at the election. According to R.S. 33:2711, an ordinance imposing a sales and use tax may be adopted by the governing authority only after the question of the imposition of the tax has been submitted to the qualified electors and a majority of those voting have voted for the proposition imposing said tax.
R.S. 33:2714 provides:
 "The ordinance imposing said tax, and any amendments thereto, shall specify the purpose or purposes for which said tax is imposed. The revenues derived from said tax shall be dedicated and used solely for said purposes." (Emphasis added).
R.S. 33:2723 provides, in pertinent part:
 "Also, the purpose or purposes for which each allocation shall be appropriated and expended shall be stated in the question or proposition submitted to the qualified electors. The question or proposition approved at said election shall constitute a full and complete dedication of the avails or proceeds of said tax and its provisions shall control the allocation and expenditure thereof." (Emphasis added).
It is the opinion of this office that the funds contained in the Capital Improvement Account, presumably derived from sales use taxes dedicated to capital improvements in accordance with the above-quoted proposition, cannot be used for contributions to the retirement benefits of City employees.
Trusting this adequately responds to your request, I am,
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JEANNE-MARIE ZERINGUE Assistant Attorney General
RPI:JMZ:jav 0336n